UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASMON CORDE JOHNSON, ,<br>AIS #248192,<br><br>    Plaintiff,<br>vs.<br><br>STATE OF ALABAMA<br>DEPARTMENT OF CORRECTIONS,<br>et al.<br>    Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO.<br>)   2:07-CV-614-WKW<br>)<br>)<br>)<br>)<br>) |

### SUPPLEMENTAL AUTHORITIES
### TO
### THE SPECIAL REPORT OF
### THE ALABAMA DEPARTMENT OF CORRECTIONS DEFENDANTS

The ADOC defendants respectfully request leave of court to submit the following additional "Failure To Protect" authorities for the use and benefit of the court, to be included as part of their previously submitted Answer and Special Report.

### Additional Failure to Protect Authorities

While correctional officers have a duty to protect prisoners from violence at the hands of other inmates, every injury suffered by one inmate at the hands of another inmate does not translate into a constitutional liability for the prison officials responsible for the victim's safety. *Farmer v. Brennan*, 511 U.S. at 834.

Mere negligent failure to protect a prisoner from attack does not justify liability under 42 U.S.C. Section 1983.

A generalized awareness of a risk of harm is not sufficient to impose liability. The known risk of injury must be a "strong likelihood, rather than a mere possibility" before liability may be imposed upon the correctional officers. *Carter v. Galloway* 352

F.3d. 1346 (11th Cir.2003), <u>Brown v. Hughes</u> 894 F.2d 1533 (11th Cir. 1990)

When officials are aware of a danger to an inmate's health and safety, it does violate the constitutional proscription against cruel and unusual punishment to fail to afford that inmate reasonable protection. <u>Gullatte v. Potts,</u> 654 F. 2d 1007at 1012 (5th Cir. 1981). But in order to establish a deprivation of Eight Amendment rights, a prisoner must show deliberate indifference on the part of the prison officials to the prisoner's need for reasonable protection from violence. <u>Wilimas v. Bennett,</u> 689 F. 2d 1370, 1380 (11th Cir. 1982), cert denied, 464 U.S. 932 (1983). It is only when prison officials deliberate indifference to a known danger or risk exposes an inmate to objectively, sufficiently serious harm that a constitutional violation occurs. <u>Farmer v. Brennan, 511 U.S. at 834.</u> Thus, the law only requires that the prison officials who are aware or who should be aware of a threat to an inmate must act reasonably to provide that inmate protection from the danger.

A danger or risk is known only if the prison official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he draws that inference. <u>Farmer v. Brennan, 511 U.S. at 834.</u> An official's failure to alleviate a significant risk that he should have perceived, but did not, is not sufficient to establish liability on the part of the officials. <u>Id at 838.</u> Furthermore, the known risk of injury must be a strong likelihood, rather than a mere possibility. <u>Brown v. Hughes, 894 F. 2d at 153</u> (quoting <u>Edwards v. Gilbert, 867 F. 2d 1271, 1276 (11th Cir. 1989).</u>

It is willfulness and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in connection with establishing conditions of confinement,

supplying medical needs, or restoring control over a tumultuous cellblock. <u>Whitley, 475 U.S. at 319</u>; see also <u>Campbell v. Sikes, 169 F.3d 1353, 1364 (11th Cir. 1999)</u> (Proof that the defendant should have perceived the risk, but did not, is insufficient. <u>Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996)</u>. In this case, there is absolutely no evidence of any knowledge, suspicion, or hint of a failure to protect Petitioner on the part of any Corrections Defendant to establish a constitutional deprivation.

Respectfully submitted,
KIM T. THOMAS (THO115)
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL


/s/ Neal P. Conner
NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
301 South Ripley Street
Montgomery, AL  36130-1501
(334)353-3889

## CERTIFICATE OF SERVICE

I do hereby certify that on the 11th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

Jasmon Corde Johnson AIS#248192
Staton Correctional Facility
P. O. Box 56
Elmore, AL 36025

/s/ Neal P. Conner
NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL