United States District Court
Middle District of Alabama
Northern DiRECEIVED
2007 SEP 26 A 10: 20
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Jasmon Corde Johnson
AIS# 248192
Plaintiff,

vs.                         Civil action № 2:07:cv-614-WKW

State of Alabama Department of
Corrections et.al
    Defendants

## Response

Comes now Plaintiff Jasmon Corde Johnson with a response in accord with the order served on plaintiff now asserts his Civil Action based on The 14th Amendment supported by Farmer v. Brennan (1994) 511 US 825, 128 LEd 2d 811, 114 Sct 1970 and will show to the courts through evidence derived from the Defendants
a). Answer and Special Report
b). Affidavits and Incident Reports
c). Admission of Guilt by Defendants based on the following facts to wit:
Defendants has indeed violated plaintiff clearly established Constitutional Right Cruel and Unusual Punishment Clause of The 8th Amendment, Defendant Michael

P. Boozer admitted that he used excessive force against plaintiff.

Plaintiff's claim clearly states that excessive force was demonstrated against him and also deliberate indifference was shown by Defendants Bradford, Defendant Golson by there failure to intervene too stop Defendant Boozer from useing excessive force which is a reckless disregaurd to plaintiff safety and health.

Plaintiff responds useing defendants sworn affidavits, incident reports, letter to Mr. Michael P. Boozer against defendants in this cause of action according to exhibits submitted by defendants counsel.

<u>Exhibit A</u> Defendant James Deloach has been alerted concerning Civil Action against him and therefore plaintiff request James Deloach remain a defendant in this cause of action. Defendant James Deloach signed affidavits says that he recommended defendant Boozer be suspended without pay for five working days for use of excessive force on Plaintiff Johnson (See Defendants attached copy) Defendant James Deloach determined that Defendant Michael Boozer used excessive force against Plaintiff violating Plaintiff clearly establish constitutional Right 8th Amendment.

<u>Exhibit B</u> Defendant Phyllis Billups affidavits says that Defendant Boozer admitted that he used excessive force on Plaintiff Johnson by pushing him to the shift office continuously causing plaintiff to loose his balance and fall to the floor. Defendant Phyllis Billups also stated in sworn affidavits that inmate Johnson had a problem with Hyperthyroidism before the incident with Defendant Boozer and after the incident with Defendant Boozer. This statement from Defendant Billups is in aggreement with plaintiff claim. Plaintiff reminds the court that his medical illness is part of plaintiff Master File here at the institution, and grounds for inference that defendants were aware of the immediate danger posed to plaintiff by the use of excessive force.

Plaintiff points this out by citation of Farmer v. Brennan and other known cases as will be mentioned in this response.

<u>Exhibit C</u> Defendant James Steele affidant says that on 3/08/07 during questioning officer Boozer did admit to useing excessive force against Plaintiff Johnson to Captain Floyd and Defendant Leiutenant Steele. Defendant Steele secommended disciplinary action against Defendant Boozer for violating

Administrative Regulation #208, Annex H #27 Abusive or Excessive Physical Force in dealing with inmates (see defendants attached disciplinary procedure reguarding Boozer). Defendant Boozer was suspended for (5) days for his action. Lieutenant concluded that Boozer actions was substantially sufficiently serious enough to cause Boozer to be suspended.

Exhibit D Defendant Robert Bradford admitted to being a part of escorting plaintiff enroute to the shift office. Defendant Robert Bradford failed to intervene to stop Defendant Boozer from using excessive force against plaintiff and therefore is guilty of violating plaintiff clearly established constitutional right 8th Amendment Cruel and Unusual Punishment Clause. (see defendants attached copy)

Exhibit E Defendant David Golson admitted to being a part of escorting plaintiff Johnson enroute to the shift office. Defendant David Golson according to his sworn affidavits stated he heard a noise, the sound a struggle. Defendant Golson also stated that he saw Defendant Boozer pulling Plaintiff Johnson from off the hallway floor. Defendant Golson also stated that he saw Defendant Boozer push

Plaintiff Johnson into the wall, and that he rushed over and ordered inmate Johnson to calm down. Defendant David Golson did nothing to intervene and by doing nothing to stop his fellow officer places Defendant Golson at deliberate indifference. Defendant Golson by his admitted actions cause Defendant Golson to violate plaintiff clearly established constitutional right 8th Amendment Cruel and Unusual Punishment Clause.

<u>Exhibit F</u> Defendant Michael P. Boozer admitted to useing excessive force against Plaintiff, according to defendant Boozer on statement. Plaintiff points out Paragraph V on defendant Boozer affidavit, that defendant Boozer was very incompetent and violated ADOC Regulation 208 by not calling for his immediate supervisor Lieutenant Steele before useing excessive force according to <u>Exhibit A</u> Defendant James Deloach Memorandum: Re: Use of Force/Abuse of Inmates. Be advised effective immediately and until further notice, prior to the use of force, an on duty supervisor will be called to the scene to access the situation. The exception to this will be.
  1) Self Defense
  2) To prevent injury to a person
  3) To prevent escape

The fact is at no time did any defendant conclude that plaintiff Johnson violated any ADoc rules of Conduct.

Paragraph VI of Defendant Boozer is a perjured statement whereas, He denies useing excessive force that cause plaintiff Johnson to stumble and nearly fall, and claims he held plaintiff arm to prevent plaintiff from falling. No time does Defendant Boozer mention writing plaintiff Johnson up for violating any ADoc Rule such as Insubordination.

Paragraph VII clearly shows that Defendant Boozer perjured himself under oath by admitting that he used excessive force. Plaintiff seeks to show the courts that defendant Boozer perjured himself by stating two different sentences on his incident report in contrary with his affidavit contradicting his admitted guilt of using excessive force; which is the basis of plaintiff's claim; Excessive force which led up to deliberate indifference; reckless disregaurd, knowledge that plaintiff suffered from Hyperthyroidism which was known to defendants according to Exhibit B affidavit of Defendant of Phyllis Billups; Medical consultation reveals that plaintiff

condition of Hyperthyroidism existed before the Excessive Force Incident and after Excessive Force Incident and Plaintiff Hyperthyroidism condition is included in Plaintiff Institutional File - Medical Records.

<u>Exhibit</u> G Incident Reports, Witness Statement, Plaintiff Statement, Answer and special report all all accomodates Plaintiff by the speciffic facts so named:

① According to Defendant Leiutenant Steele Incident Report, Defendant Boozer Never stated to Leiutenant Steele that Plaintiff Johnson was aggressive at any time toward Defendant Boozer, provoking his actions.

② Defendant Leiutenant Steele on 3/08/07 along with witness for defendants Captain Floyd questioned Defendant Boozer concerning the alleged abuse "Excessive Force" at which time Defendant Boozer the Main defendant in this cause did admit to Leiutenant Steele and Captain Floyd to using excessive force on Plaintiff Johnson to the shift office continously, therefore causeing plaintiff Johnson to loose his balance and fall to the floor. Defendant Boozer further admitted that he knew he was wrong for his actions, which is total contradicting to Defendant Boozer Affidavit <u>Exhibit</u>

which is clearly perjury under oath, and also Defendant Boozer Incident Report is contradicting.

Defendant Boozer Incident Report, Witness Statement claims that plaintiff was insubordinate towards Defendant Boozer, but never was there a rule violation report written on plaintiff. There is no rule violation report part of Defendant Special Report (Answer).

Defendant Robert Bradford Incident Report, witness statement admits immediate involvement with incident of excessive force conducted by Defendant Boozer.

Plaintiff intends to prove Defendant Robert Bradford did nothing intervene, prevent Defendant Boozer from useing excessive force against plaintiff.

Deliberate Indifference / Reckless Disreguard Attached to Plaintiff Johnson health and safety clearly violates Plaintiff Johnson 8th Amendment Right resulting in a deprivation of a clearly established constitutional right not to be subjected to cruel and unusual Punishment.

Defendant David Golson on March 4th 2007 Incident Report, Witness Statement clearly says near the end of Defendant Golson witness statement Defendant

Boozer then pushed plaintiff Johnson to the wall with his Defendants Boozer right hand near plaintiff Johnson's upper torso and lower neck area. Defendant Golson then states he immediately rushed over and ordered plaintiff Johnson to calm down and to report to the shift office as ordered by defendant Boozer.

Defendant Golson admits he witnessed the attack on plaintiff Johnson done by Defendant Boozer useing improper guard tactics for restraint, but immediately sided with Defendant Boozer by addressing plaintiff Johnson who was being violated instead of addressing the violator in this case was, Defendant Boozer, Defendant Golson's co-worker.

Defendant Golson violated plaintiff Johnson 8th Amendment right constitutionally causeing Inmate Johnson to experience cruel and unusual Punishment which is a clearly established constitutional right under the 14th Amendment.

Witness C.O. Timothy Owens and Witness Eddie Phillips statements or incompetent because both witness clearly states that they didn't witness the incident. Plaintiff request both statements be excluded.

Now Plaintiff Johnson has disputed each element of Defendants Special Report

and Answer; Exhibits; Supplemental Authorities by showing cause as following continuance Defendants in there Individual Capacities are liable under The 14th Amendment. Establishing Case Law Citations In Support of Plaintiff Johnson Original Claim to wit:

Farmer v. Brennan (1994) 511 US 825, 128 LEd 2d 811, 114 S Ct 1970

Criminal Law §78 - Cruel and Unusual Punishment - Prison Conditions - Deliberate Indifference - Knowledge of Risk of Harm.

1a-1c. A prison official may be held liable for denying a prisoner humane conditions of confinement, under the rule that an officials deliberate indifference to a substantial risk of serious harm to a prisoner violates the cruel and unusual clause of the Federal Constitutions 8th Amendment, only if officials is subjectively aware of facts from which inference of such risk could be drawn.

Exhibit A: Defendant Deloach Memorandum To: All Security Personnell; Re: Use of Force/ Abuse of Inmates established that Defendant James Deloach was aware of a substantial risk of serious harm by the alarming number of uses of force incidents In to many of these incidents, the use of

Force have have been questionable.

Exhibit B: Affidavit of Defendant Phyllis Billups stated that she spoke with the Health Service Administrator, Ms. Michelle Sagers. Ms. Sagers stated that Plaintiff Johnson had a problem with Hyperthyroidism before the incident and after the incident as quoted by Defendant Phyllis Billups. Medical File – Institutional File is part of Plaintiff Master File – Institutional File drawing inference and disreguards that risk by failing to take reasonable measures to abate the risk; deliberate indifference is equivalent to a reckless disreguard. Criminal Law § 878 - Cruel and Unusual Punishment - excessive Force against Prisoner. (4) In a case which a prisoner claims that prison officials have used excessive force in violation of the cruel and unusual punishment clause of the Federal Constitution 8th Amendment, the prisoner must show more than indifference on the part of the officials applied force maliciously and sadistically for the very purpose of causing harm or that the official used with a knowing willingness that harm occur.

Exhibit E: Affidavit of Defendant David Golson I turned to investigate the disturbance and observed Defendant

Boozer pulling plaintiff Johnson from the hallway floor near the administrative Barber Shop; Plaintiff then turned towards Defendant Boozer in an aggressive manner pulling away from Defendant Boozer. Defendant Boozer then pushed Plaintiff Johnson to the wall with his right hand. Defendant Golson also stated according to Defendant Golson Incident Report, that Defendant Boozer then pushed Plaintiff Johnson to the wall with his right hand near Plaintiff Johnson upper torso and lower neck area. Defendant Golson witness statement is slightly different from Defendant Golson signed Affidavit Establishing Inference Exhibit C Defendant Steele stated that Defendant Boozer admitted to useing excessive force on Plaintiff Johnson; According to Exhibit F Knowingly and willingly maliciously and sadistically with the intent of causing harm to plaintiff by continually pushing plaintiff according to Exhibit G on 3/08/07 Defendant Boozer did admit to useing excessive force on plaintiff Johnson by pushing plaintiff to the shift office continously, therefore causing plaintiff Johnson to loose his balance and fall to the floor. Officer Boozer further admitted that he was wrong for his actions,

Civil Rights § 29 - State of Mind @ 42 USC 1983 contains no state of mind requirements independent of that neccessary to state a violation of the underlying constitutional right.

Appeal § 1692.3, 1693 A prison official may be held liable under the 8th Amendment for acting with deliberate indifference to inmate health or safety only if he knows that inmate faces substantial risk of serious harm and disreguards that risk by failing to take reasonable measure to abate it.

Wilson v. Seiter, 501 US 294, 298 115 LEd 2d 271 111 Sct 2321, and the officials has acted with deliberate indifference to inmate safety.

Canton v. Harris 489 US 378, 103 LEd 2d 412 Sct 1197

Pensylvania v. West Virginia 262 US 553 67 LEd 1117 43 Sct 658

Helling v. McKinney 509 US 25 LEd 2d 22, 113 S 2475

Hudson v. Palmer 468 US 317, 526-527-826 LEd 2d 393. 104 Sct 3194 (1984)

Plaintiff prays this court set a Trial Date to hear this claim.

Respectfully Submitted; Jasmon Corde Johnson

Certificate of Service

I do hereby certify that on this 24th day of September 2007. I placed in the U.S. Postal Mail room at Staton Correctional Facility a copy of the foregoing to Kim T. Thomas Deputy Attorney General Alabama Department of Corrections Legal Division P.O. Box 301501 301 South Ripley Street, Montgomery Alabama, 36130-1501 and also a copy of foregoing to Office of The Clerk For The Purpose of Filing, Delivering To Judge In This Cause. United States District Court P.O. Box 711 Montgomery, Al. 36101-0711

#248192
Jasmon Cocde Johnson



Jasmon Cordé Johnson #248182
P.O. Box 56
Staton Correctional Facility
Elmore, Alabama 36025

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama
36101-0711