IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JASMON CORDE JOHNSON, #248192,  )
  )
    Plaintiff,  )
  )
v.  )     CASE NO. 2:07-CV-614-TFM
  )        [WO]
  )
JAMES DELOACH, et al.,  )
  )
    Defendants.  )

# MEMORANDUM OPINION

## I. INTRODUCTION

In this 42 U.S.C. § 1983 action, Jasmon Corde Johnson ["Johnson"], a state inmate, challenges the constitutionality of actions taken against him during his incarceration at the Draper Correctional Facility ["Draper"]. The complaint lists James Deloach, the warden of Draper, Phyllis Billups, a deputy warden at Draper, and correctional officers Steele, Boozer, Bradford and Golson as defendants in this cause of action.[1] Specifically, Johnson complains that on March 4, 2007 defendant Boozer utilized excessive force against him. He alleges defendants Bradford and Golson witnessed this use of force and failed to intervene.[2] Johnson also contends defendants Deloach, Billups and Steele acted with

---

[1] The respective positions of the defendants reflect their status as of the date of the claims made the basis of the instant complaint.

[2] The plaintiff initially listed officer Gholston as a defendant. In their first special report, the defendants advise that the correct name for this defendant is David Golson and the plaintiff thereafter utilizes Golson to identify

deliberate indifference to his safety. Johnson seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.

The defendants filed a special report, supplemental special reports and supporting evidentiary materials addressing each of Johnson's claims for relief.[3] Pursuant to the orders entered in this case, the court deems it appropriate to treat the special reports as a motion for summary judgment. *Order of September 10, 2007 - Court Doc. No. 17*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and the plaintiff's responses in opposition to this motion, the court concludes that the defendants' motion for summary judgment is due to be granted in part and denied in part.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c)

---

this defendant. Thus, the court will refer to this defendant by his correct name.

[3]The evidentiary materials submitted by the defendants in support of their dispositive motion include affidavits, a memorandum from Deloach, a letter from Commissioner Richard Allen outlining the corrective action regarding Boozer's use of force, an incident report, a statement from Johnson, statements from officers on duty at the time of the altercation at issue and copies of the plaintiff's medical records.

(Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[4]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of a requisite material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.  If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to each of the essential elements of his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.").

---

[4]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

In civil actions filed by inmates, federal courts

> must distinguish between evidence of disputed facts and disputed matters of
> professional judgment. In respect to the latter, our inferences must accord
> deference to the views of prison authorities. Unless a prisoner can point to
> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal

citation omitted). Consequently, to survive the defendants' properly supported motion for

summary judgment, Johnson is required to produce "sufficient [favorable] evidence" which

would be admissible at trial supporting his claims of constitutional violations. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil*

*Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ...

or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250.

"A mere 'scintilla' of evidence supporting the opposing party's position will not suffice;

there must be enough of a showing that the [trier of fact] could reasonably find for that

party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202

(1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory

allegations based on subjective beliefs are likewise insufficient to create a genuine issue

of material fact and, therefore, do not suffice to oppose a motion for summary judgment.

*Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001);

*Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory

assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only

factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts,

a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact on a necessary element of his claim. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Johnson demonstrates requisite genuine issues of material fact on essential elements of his excessive force claim against defendants Boozer, Bradford and Golson so as to preclude summary judgment on this claim.

## III. FACTS[5]

On March 4, 2007, Boozer observed Johnson laughing during the count of inmates and counseled Johnson regarding his disruptive behavior. *Plaintiff's Complaint - Court Doc. No. 1* at 5. After completion of the count, Boozer escorted Johnson out of his cell followed by Bradford and Golson. Boozer gave Johnson several orders and Johnson complied with all such orders. Upon arrival at the shoe shine area of the facility, Boozer, without justification, repeatedly slapped Johnson about his face and head causing the back of Johnson's head to strike the wall. At this time, Johnson "became dazed and disoriented...." *Plaintiff's Affidavit in Support of October 20, 2009 Response - Court Doc.*

---

[5]At this stage of the proceedings, this court takes the facts alleged by Johnson as true and construes them in the light most favorable to him. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party,' ... and 'resolve all reasonable doubts about the facts in favor of the non-movant.' ... Moreover, the court must avoid weighing conflicting evidence or making credibility determinations...."). Thus, the facts set forth herein are drafted assuming the allegations presented by Johnson are true.

*No. 31-2* at 2.

Boozer subsequently ceased slapping Johnson but then grabbed Johnson around his throat and began choking him while shoving Johnson's back and head against the wall. Johnson experienced difficulty breathing and felt on the verge of unconsciousness when Boozer finally stopped choking him. However, Boozer again began to choke Johnson, placed his leg between Johnson's legs, lifted Johnson off the floor and slammed him to the floor causing his back, head and left leg to hit a pole protruding from the wall. Officers Bradford and Golson watched the actions of Boozer and failed to intervene.

After Boozer relented in his attack, Boozer, Bradford and Golson accompanied Johnson to the shift commander's office. Johnson "explained to Lt. Steele what happened" and Steele had each of the officers and Johnson provide a statement regarding the incident. *Plaintiff's Complaint - Court Doc. No. 1* at 7. Officer Owens then escorted Johnson to the health care unit for examination. Johnson advised the attending nurse, Cynthia Jackson, that a correctional officer slapped him in the face, choked him by the neck and slammed him to the ground. *Defendants' Exhibit G to the September 7, 2007 Special Report (Inmate Body Chart) - Court Doc. No. 16-8* at 9. Nurse Jackson noted no signs or symptoms of distress. *Id.* She also observed no signs of bruising nor any injury to Johnson's face or neck. *Id.* Based on her evaluation of Johnson, nurse Jackson determined that no treatment or provision of medication was necessary. *Id.*

The following day, correctional officials escorted Johnson to the medical unit for

follow-up evaluation. At this time, Johnson again advised medical personnel that on the previous day a correctional officer slapped him in the face, choked him by the neck and slammed him to the ground. *Defendants' Exhibit H to the October 5, 2009 Supplemental Special Report (Inmate Body Chart) - Court Doc. No. 27-2 at 27*. Johnson alleged he suffered neck, leg and back injuries as a result of these actions. *Id*. The nurse evaluating Johnson observed minimal edema, i.e., swelling, to the right side of Johnson's neck with no open areas or bruising. *Id*. As for his lower back, the nurse noted no edema, abrasions or bruises. Finally, the nurse detected minimal edema to the lower left leg. *Id*.

Per instructions from warden Deloach, Dr. Corbier then examined Johnson. Dr. Corbier observed that the right side of Johnson's "neck appears more prominent than before." *Defendants' Exhibit H to the October 5, 2009 Supplemental Special Report (Physician's Notes) - Court Doc. No. 27-2 at 28*. Dr. Corbier further noted that the area of the right "thyroid lobe is tender to palpation. Tender at [left] side of leg. No significant swelling [or deformity to leg].... Good ROM [range of motion but inmate] walks with a limp." *Id*. Thus, Dr. Corbier determined Johnson suffered a small change in the right side of his neck when compared to observations during a February 13, 2007 examination, some tenderness in the thyroid lobe and left leg, and insignificant swelling in the left leg. Dr. Corbier prescribed no treatment for Johnson regarding the diagnosed injuries.

Medical personnel again examined Johnson on March 13, 2007 and March 19, 2007 for follow-up evaluations but Johnson made no complaints with respect to the purported

March 4, 2007 injuries. *Id*. at 28. On April 12, 2007, Johnson reported to the health care unit complaining that his left ankle became swollen when he "ran around the track" and, although he did not complain of an ankle injury on March 4, 2007 nor did medical personnel observe any such injury, Johnson maintained this swelling occurred as a result of the March 4, 2007 altercation with officer Boozer. *Id*. at 31. The attending nurse observed swelling and tenderness in the left ankle and prescribed Motrin for pain. *Id*. However, upon review of the attending nurse's notes, the certified nurse practitioner noted Johnson in October of 2006 and January of 2007 suffered this same complaint "from 'standing in the kitchen.'" *Id*. at 30.

## IV. DISCUSSION

### A. Absolute Immunity

With respect to claims lodged against the defendants in their official capacities, they are immune from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations

omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear to the court that the defendants are state officials entitled to sovereign immunity under the Eleventh Amendment for all claims seeking monetary damages from them in their official capacities. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994). Thus, the defendants are entitled to absolute immunity from any claims for monetary relief presented against them in their official capacities. *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### B. The Excessive Force Claim

Claims of excessive force by prison officials against convicted inmates are governed by the Eighth Amendment's proscription against cruel and unusual punishment. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). The standard applied to an Eighth Amendment excessive force claim contains both a subjective and objective component. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The subjective component requires that prison "officials act[ed] with a sufficiently culpable state of mind." *Hudson*, 503 U.S. at 8 (internal quotations omitted). With respect to the objective component, a plaintiff must show that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. However, "the use of excessive physical force against a

prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Id*. at 4. "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 2010 WL 596513 at *3, ___ U.S. ___, ___ S.Ct. ___ (February 22, 2010).

Johnson complains that on March 4, 2007 defendant Boozer used excessive force against him absent provocation while defendants Bradford and Golson witnessed the assault without intervening. *Plaintiff's Complaint - Court Doc. No. 1* at 3. The defendants deny the allegations made against them. Specifically, they assert the force utilized by Boozer did not rise to the level of excessive force in violation of Johnson's constitutional rights.[6] The defendants further argue that neither Bradford nor Golson witnessed Boozer strike or choke Johnson. *Defendants' Exhibit D (Affidavit of Robert Bradford) - Court Doc. No. 16-5* at 1-2 ("Once the count cleared, ... Officers Golson, Boozer and I escorted inmate Johnson downstairs, CO Boozer stated that he was going to escort inmate Johnson to the shift office. Officer Boozer and inmate Johnson departed the Dorm enroute to the shift office. At no time did I observe Officer Boozer abuse or slap inmate Johnson.");

---

[6]The defendants concede Boozer used force against Johnson, i.e., continuously pushing Johnson in the back causing the inmate to fall to the floor, which violated rules and regulations of the Alabama Department of Corrections prohibiting the use of abusive or excessive force by correctional officers. However, this determination by correctional officials, even if correct, is not determinative of whether Boozer violated Johnson's Eighth Amendment rights. *See Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (sheriff's internal investigation concluding deputy's "use of force was both excessive and unnecessary, even if correct, does not answer the question of whether" deputy violated plaintiff's constitutional rights).

*Defendants' Exhibit E (Affidavit of David Golson) - Court Doc. No. 16-6* at 1-2 ("After court cleared, Officers Boozer, Bradford and myself escorted inmate Johnson downstairs. I let Officer Boozer and inmate Johnson out of A Dorm enroute to the Shift Office. I proceeded to the light box to turn the lights out in A Dorm, when I heard a noise (the sound of a struggle) behind me. I turned to investigate the disturbance and observed Officer Boozer pulling inmate Johnson from the hallway floor near the Administrative Barber Shop. Inmate Johnson then turned towards Officer Boozer in an aggressive manner pulling away from Officer Boozer. Officer Boozer then pushed inmate Johnson to the wall with his (Officer Boozer's) right hand. I immediately rushed over and order[ed] inmate Johnson to calm down and to report to the Shift Officer as ordered by Officer Boozer. Inmate Johnson calmed down. Officer Boozer then continued to escort inmate Johnson to the Shift Office. I then returned to A Dorm. Any other allegations that inmate Johnson has claimed against me are untrue.").

In his response to the defendants' report, Johnson concedes he received only *de minimis* injuries during the altercation with Boozer. *Plaintiff's Response - Court Doc. No. 31* at 4 ("It makes no difference that Johnson suffered de minimis injuries."). Nevertheless, Johnson argues he is entitled to proceed on his excessive force claim because he "has met his burden of showing a willful intent on behalf of Boozer to inflict punishment for no reason" and, therefore, has set forth a genuine issue of fact regarding whether the "force

employed by officer Boozer was intentional, malicious and sidistic (sic)" as prohibited by the Eighth Amendment. *Id*. at 5-6. In light of the opinion issued by the United States Supreme Court in *Wilkins*, this court must agree with Johnson as such opinion clearly states that the *de minimis* nature of an inmate's injuries is not dispositive of an excessive force claim. *Wilkins*, 2010 WL 596513 at *1 (Dismissal of "a prisoner's excessive force claim based entirely on ... [a] determination that his injuries were '*de minimis*' [is improper] ... [as it] is at odds with *Hudson's* direction to decide excessive force claims based on the nature of the force rather than the extent of the injury....."). The nature of the injuries suffered by Johnson will, however, remain relevant to this court's determination of whether the assault by Boozer actually occurred as described by Johnson and whether Boozer acted "maliciously and sadistically" during the incident under review. *Id*. at *4. Additionally, even if Johnson succeeds on the merits of his excessive force claim, the undisputed minor "nature of his ... injuries will no doubt limit the damages he may recover." *Id*.

Defendants Boozer, Bradford and Golson argue they are entitled to qualified immunity on the plaintiff's claims lodged against them in their individual capacities. However, the law of this Circuit precludes a defense of qualified immunity in cases alleging excessive force in violation of the Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation. *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), citing *Hudson v.*

*McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986); *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008)"'[T]here is no room for qualified immunity' in Eighth Amendment ... excessive force cases because they require a subjective element that is 'so extreme' that no reasonable person could believe that his actions were lawful. *Johnson v. Breeden*, 280 F.3d 1308, 1321-22 (11th Cir. 2002).").  "Moreover, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich*, 280 F.3d at 1301.  Thus, a qualified immunity defense is not available when a plaintiff properly pleads the use of excessive force and the only question for a federal district court is whether the plaintiff has alleged facts sufficient to survive a motion for summary judgment. *Id.* at 1302; *see also Hudson,* 503 U.S. at 9-10 (1992); *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).  Accordingly, this court will consider whether the plaintiff's allegation that defendant Boozer maliciously and sadistically used excessive force against him while defendants Bradford and Golson witnessed the attack without intervening to protect Johnson, which the court must take as true for purposes of summary judgment, sets forth a violation of his Eighth Amendment rights.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir.1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11ᵗʰ Cir.1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301.

_____Johnson contends defendant Boozer slapped him in the face, struck him on the head, threw him to the floor and choked him for no reason and while he posed no threat to Boozer. *Plaintiff's Complaint Court Doc. No. 1* at 3, 6. Johnson maintains defendants Bradford and Golson "just stood [there] and watched" without intervening to stop Boozer. *Id*. at 6. The medical records submitted by the defendants indicate that as a result of this altercation Johnson suffered some swelling and tenderness to his neck and left leg. The defendants deny Johnson's allegation regarding the amount of force used by Boozer and maintain that the force utilized did not constitute excessive force in violation of Johnson's constitutional rights. The defendants further argue neither Bradford nor Golson witnessed any use of excessive force against Johnson. Viewing the facts in the light most favorable to Johnson, as is required at this stage of the proceedings, the court concludes defendants Boozer, Bradford and Golson are not entitled to qualified immunity as the plaintiff has

alleged facts sufficient to survive their motion for summary judgment regarding the excessive force claim lodged against them.  *Skrtich*, 280 F.3d at 1301.  Specifically, disputed issues of material fact exist regarding the need for the use of force by Boozer, the amount of force used by Boozer and whether Boozer acted "maliciously and sadistically" to cause harm.  A genuine issue of material fact likewise exists regarding whether Bradford and Golson witnessed the use of excessive force and failed to intervene.  Consequently, the motion for summary judgment with respect to the excessive force claim presented against defendants Boozer, Bradford and Golson in their individual capacities is due to be denied.

### C.  Deliberate Indifference to Safety - Failure to Protect
### Defendants Deloach, Billups and Steele

Johnson argues defendants Deloach, Billups and Steele acted with deliberate indifference to his safety in failing to protect him from assault by officer Boozer.  *Plaintiff's Complaint - Court Doc. No. 1* at 3.  In support of this claim, Johnson argues that a February 1, 2000 memorandum written by Deloach, in which Deloach acknowledges several prior incidents of questionable uses of force by officers at Draper, establishes that Deloach and Billups "knew or should have known" that Boozer "would be prone to excessive use of force...."  *Plaintiff's Response - Court Doc. No. 31* at 8.  Johnson further argues these defendants adhered to a policy that allowed "staff at Draper to use force in circumstances ... where there was no need for the use of force."  *Id*. at 9.  Defendants Deloach, Billups and Steele adamantly deny they acted with deliberate indifference to

17

Johnson's safety.

A correctional official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's safety when the official knows the inmate faces "a substantial risk of serious harm" and with such knowledge disregards the risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.' *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1982-83, 128 L.Ed.2d 811 (1994). A plaintiff must also show that the constitutional violation caused his injuries." *Marsh*, 268 F.3d at 1028.

The law is well settled that both objective and subjective elements are necessary to establish an Eighth Amendment violation. With respect to the requisite objective elements of a deliberate indifference claim, an inmate must first show "an objectively substantial risk of serious harm ... exist[ed]. Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh*, 268 F.3d 1028-1029. As to the subjective elements, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.... The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.' ...

*[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment*." *Farmer*, 511 U.S. at 837-838 (emphasis added); *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (citing *Farmer*, 511 U.S. at 838) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (same). The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety.... It is *obduracy and wantonness, not inadvertence or error in good faith*, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (emphasis added).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists - and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "The known risk of injury must be a strong likelihood, rather than a mere possibility before a [correctional official's]

failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotations omitted). As the foregoing makes clear, "[m]erely negligent failure to protect an inmate ... does not justify liability under section 1983...." *Id*.

Pursuant to the aforementioned criteria, Johnson is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation[]" in order to survive summary judgment on his deliberate indifference claim against the supervisory officials. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Farmer*, 511 U.S. at 837-838 (To circumvent entry of summary judgment on a properly supported motion, plaintiff must produce sufficient evidence which demonstrates (1) an objectively substantial risk of serious harm; (2) a subjective awareness of this risk on the part of the defendants; (3) the defendants responded to such risk in an objectively unreasonable manner; and (4) the actions/omissions of the defendants caused his injuries); *Marsh*, 268 F.3d at 1028-1029 (same).

The record is completely devoid of evidence that the altercation with officer Boozer occurred due to deliberate indifference on the part of defendants Deloach, Billups and Steele. Johnson presents no evidence of an objectively substantial risk of serious harm at the time of the challenged incident nor is there any evidence demonstrating subjective

20

awareness of a substantial risk of such harm by defendants Deloach, Billups and Steele, each of which is a required element of the instant Eighth Amendment claim. With respect to the memorandum referenced by Johnson as support for this claim, Deloach wrote the memorandum on February 1, 2000, over seven years before the altercation at issue.[7] It is therefore clear this document in no way demonstrates that an objectively substantial risk of serious harm to Johnson existed on March 4, 2007. In addition, this memorandum completely fails to indicate a subjective awareness by defendants Deloach, Billups and Steele of the existence of a substantial risk of serious harm to Johnson at the time of Boozer's actions. Moreover, the evidentiary materials submitted by the defendants demonstrate that the actions about which Johnson complains did not occur pursuant to any policy enacted by defendants Deloach, Billups or Steele; rather, the evidence establishes that applicable policies prohibited the use of excessive, unnecessary or unreasonable force against inmates.

"Plaintiff has failed to establish that [these] Defendant[s] had a subjective awareness of a substantial risk of serious physical [harm] to Plaintiff; thus, Plaintiff has failed to establish a required element of this claim. When viewing the evidence most favorably toward Plaintiff, a claim for deliberate indifference has not been established...." *Carter*,

---

[7]In this memorandum, Deloach enacted a policy requiring that "prior to the use of force [on an inmate], an on duty supervisor will be called to the scene[]" with exceptions permitted for self-defense, prevention of injury and thwarting an escape. *Defendants' Exhibit A to the September 7, 2007 Special Report - Court Doc. No. 16-2* at 5.

352 F.3d at 1350 (footnote omitted). Consequently, summary judgment is due to be granted in favor of defendants Deloach, Billups and Steele on any claim of deliberate indifference lodged against them by Johnson.

A separate order will accompany this memorandum opinion that (i) summary judgment be entered in favor of Deloach, Billups and Steele, and (ii) the plaintiff's excessive force claim against defendants Boozer, Bradford and Golson in their individual capacities be set for a non-jury trial before the undersigned.

Done this 25th day of February, 2010.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE